IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH W. DAVIDSON, #274 925, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:12-CV-687-WKW |
| | ) | [WO] |
| WARDEN SHARON | ) | |
| MCSWAIN-HOLLAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by
Plaintiff, an inmate incarcerated at the Coffee County Jail in New Brockton, Alabama.
Plaintiff brings this lawsuit seeking to challenge the actions of correctional officials
regarding three incidents which occurred during his incarceration at the Elba Community
Based Facility/Work Center in July 2012, which Plaintiff alleges subjected him to racial
discrimination in violation of his right to equal protection.  Named as defendants are Sharon
McSwain-Holland, Chief Steward Jesse Youngblood, and Sergeant Crystal Smith-James.
For relief, Plaintiff requests that he receive punitive damages, that Defendants be "held liable
for their indiscretions," and that he be assured that neither Defendants nor the ADOC will
subject him to retribution or retaliation.  *Doc. No. 1*.

Pursuant to the orders of this court, Defendants filed an answer, special report, and
supporting evidentiary material addressing Plaintiff's claims for relief.  *Doc. Nos. 14, 15*.

The court then informed Plaintiff that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. *Doc. No. 17.* Plaintiff filed a response to the special report. *Doc. No. 18*. This case is now pending on Defendants' motion for summary judgment.  Upon consideration of the motion, the evidentiary materials filed in support thereof, and Plaintiff' opposition to the motion, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings,

---

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the nonmoving party has failed to present evidence to support some element on which it bears the ultimate burden of proof.  *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required [by citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.")  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.  Consequently, to survive Defendants' properly supported motion for summary judgment, Plaintiff must produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*.  "If the evidence [on which the nonmoving party relies] is merely

colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (internal citations omitted). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs likewise cannot create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond his own conclusory allegations challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 323 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff

presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Dept. of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citations omitted). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and establishes the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is

appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute on a requisite material fact.); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *See Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  Here, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment.

## II.  DISCUSSION

Plaintiff claims that Defendants subjected him to racial discrimination once on July 25, 2012, and twice on July 30, 2012.  Regarding the incident on July 25, Plaintiff was working outside at the canteen storage trailer when chow was called. Plaintiff complains that, when he arrived at the chow hall at 12:20 p.m., Defendant Youngblood refused to feed him but allowed two African-American inmates who had also been on the Compound to eat. *Doc. No. 1* at 3.

Plaintiff also alleges that a racially discriminatory incident occurred at 10:00 a.m. on July 30, 2012. He alleges that an African-American inmate at the work release center was found in possession of contraband on July 22, 2012. The inmate claimed that he obtained the contraband from the laundry facility where two African-American inmates worked, but then changed his story and alleged that he got the contraband from maintenance. Plaintiff was the only inmate who worked at maintenance. Although Defendant Smith-James absolved Plaintiff of any wrongdoing in the incident, Plaintiff complains that he was subsequently removed from his job at maintenance. The African-American inmates who worked in the laundry received no punishment and, although the inmate caught with the contraband was placed in lock-up, Defendant McSwain-Holland "allowed [him] to E.O.S on 7-29-2012 with no loss of privileges nor good time removed or taken." *Doc. No. 1* at 3-4.

The third incident of alleged race discrimination occurred on July 30, 2012, at 7:55 p.m. After his shower, Plaintiff stopped at the officer's station to pick up various hygiene articles but "was denied." An African-American inmate who showered at the same time as Plaintiff "received his about (3) min[utes] after [Plaintiff's] leaving the station." *Doc. No. 1* at 4.

*A. Defendant Smith-James*

In his opposition, Plaintiff indicates that the conduct of Defendant Smith-James about which he complains "may have been an oversight by her because it has not happened again." *Doc. No. 18*. Plaintiff indicates that he does not oppose her dismissal from this case. *Id*. To

the extent that Plaintiff's opposition contains a motion to dismiss Defendant Smith-James from this cause of action, the court concludes that the motion should be granted.

*B. Equal Protection*

"Despite the tendency of all rights 'to declare themselves absolute to their logical extreme,' there are obviously limits beyond which the equal protection analysis may not be pressed... . The Fourteenth Amendment 'does not require absolute equality or precisely equal advantages,'... nor does it require the State to 'equalize [prison] conditions.'" *Ross v. Moffitt*, 417 U.S. 600, 611-612 (1974) (footnote omitted) (citations omitted); *Hammond v. Auburn University*, 669 F. Supp. 1555, 1563 (M.D. Ala. 1987) ("The Equal Protection Clause of the Fourteenth Amendment does not require all persons to be treated either identically or equally.").  To present a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006).  "[O]fficial action will not be held unconstitutional solely because it results in a racially disproportionate impact....  Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Village of*

*Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote omitted) (citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).

In a case such as this one, in which Plaintiff challenges actions of correctional officials, an inmate's conclusory allegations are insufficient, as exceptionally clear proof of discrimination is required.  *Fuller v. Georgia State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988).  Mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause.  *Sweet*, 467 F.3d at 319; *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment or even arbitrary administration of state power are insufficient to establish discrimination violative of equal protection).

Defendants deny that they acted in violation of Plaintiff's equal protection rights. Defendant Youngblood maintains that Plaintiff entered the kitchen at approximately 12:45 p.m. and stood in front of the serving line, which had been disassembled for clean up. Plaintiff told Defendant Youngblood that he wanted a tray. The steward informed Plaintiff

that chow call had ended, to which Plaintiff responded "to hell with it!" and walked away. *Doc. No. 15, Exh. 2*. Defendant McSwain-Holland states that inmate job assignments may be changed at any time, and that Plaintiff's dismissal from his maintenance shop job occurred based on Defendant McSwain-Holland's decision that this was in the best interest of the smooth running of the Elba Community Based Facility. She indicates further that, in addition to two black inmates working at the laundry during the incident in question, two white inmates also worked there.[2] Additionally, the inmate found in possession of contraband was released from prison based on a provision regulated by the judicial system. *Id. at Exh. 1*.

Since this case is before the court on a properly supported motion for summary judgment, Plaintiff must produce specific, substantial evidence that Defendants intentionally discriminated against him due to his race. *Arlington Heights*, 429 U.S. at 265. Purposeful discrimination can be shown either by direct evidence, *i.e.*, admissions of the defendant, or indirectly by way of circumstantial evidence. *Id*. at 266. A plaintiff, however, cannot rest on conclusory allegations of a constitutional violation to defeat summary judgment, nor is "[t]he mere existence of a scintilla of evidence in support of [his] position" sufficient to avoid summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. at 252. Instead, a plaintiff must present significant probative evidence to preclude summary judgment in favor of the

---

[2]Plaintiff asserts that only one white inmate worked at the laundry and was off duty when the contraband incident occurred. *Doc. No. 18*. These facts, taken as true, do not create a genuine dispute of material fact regarding Plaintiff's equal protection claim for the reasons explained. Further, although Plaintiff complains that the inmate in possession of contraband was not subject to any penalties for his behavior, he states in his complaint that this inmate was placed in a lock-up cell. *Doc. No. 1* at 4.

-10-

defendant. *Id*. at 249.

The sole basis for Plaintiff's equal protection claims relies exclusively on his being penalized for his conduct, while black inmates who engaged in allegedly similar conduct were not subject to any repercussions. However, even if Plaintiff and the African-American inmates that he alleges received more favorable treatment are similarly situated, Plaintiff has presented no evidence that racial discrimination or purpose constituted a motivating factor regarding the conduct about which he complains. The circumstantial evidence presented, and the inconsistencies identified by Plaintiff, warrant no inference of discriminatory intent. A showing of disparate impact upon two racially diverse inmates is insufficient to demonstrate an equal protection violation. *E & T Realty*, 830 F.2d at 1114; *Horner v. Kentucky High School Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994). The arbitrary application of administrative rules likewise does not run afoul of the Constitution. *E & T Realty*, 830 F.2d at 1114.

Here, Plaintiff simply makes the conclusory legal assertion that Defendant Youngblood's failure to serve him a lunch after the chow hall closed, and Defendant McSwain-Holland's decision to remove him from an institutional job assignment, resulted from racial discrimination because similarly situated black inmates were not treated in the same manner. The evidentiary materials filed by Defendants indicate that Plaintiff's treatment was based on facts and circumstances wholly unrelated to his race and was not the result of purposeful discrimination, and Plaintiff has offered no probative evidence to the

contrary. "Exact equality is no prerequisite of equal protection of the laws within the meaning of the Fourteenth Amendment." *Norvell v. State of Ill.,* 373 U.S. 420, 423 (1963). Here, other than Plaintiff's conclusory allegations that the actions of Defendants Youngblood and McSwain-Holland were intentionally discriminatory, the record is devoid of any proof that the conduct about which he complains occurred intentionally because he is white. Summary judgment is, therefore, due to be granted in favor of Defendants Youngblood and McSwain-Holland. *Celotex Corp.,* 477 U.S. 317.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.     Plaintiff's Motion to Dismiss Defendant Smith-James (*Doc. No. 18*) be GRANTED and this defendant be DISMISSED with prejudice;

2.  Defendants Youngblood's and McSwain-Holland's motion for summary judgment (*Doc. No. 15*), be GRANTED;

3.  Judgment be ENTERED in favor of Defendants  and against Plaintiff; and

4.  This case be DISMISSED with prejudice.

It is further

ORDERED that on or before **February 10, 2015**, the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this

Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 27th day of January, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

-13-